**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CATHERINE C HERRING (a trust),
Catherine C. Herring, Trustee,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 09-9000

(United States Tax Court)
(T.C. No. 8828-08)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Catherine C. Herring ("Herring"), acting pro se,[2] appeals the United States Tax Court's dismissal of her petition. The Tax Court dismissed her petition for lack of jurisdiction. We have jurisdiction over the appeal pursuant to 26 U.S.C. § 7482(a)(1) and affirm.

I

In 2008, the Commissioner of the Internal Revenue Service ("IRS") notified Herring by letter that she had tax deficiencies for the 2005 and 2006 tax years ($14,949 and $23,441 respectively) and was subject to penalties under 26 U.S.C. §§ 6651, 6654. Herring filed a petition in the Tax Court to contest these determinations, but captioned her petition "CATHERINE C HERRING TR Catherine C. Herring, Trustee," and signed the petition "Catherine C. Herring, Trustee."[3]

The Commissioner filed a motion to dismiss, asserting it had never issued a notice of deficiency to the entity referred to as the Trust. See 26 U.S.C. § 6212 (authorizing the IRS to send a notice of deficiency to a taxpayer when there is a tax deficiency); § 6213(a) (authorizing "the taxpayer" to file a petition with the Tax Court for a redetermination of a deficiency notified by the IRS). The Tax Court denied the motion to dismiss, but amended the caption of the case to refer to Herring individually, rather than to the Trust. Herring then objected to the amendment of the caption, and the Tax Court issued an order

_____

[2] As she is proceeding pro se, we have construed Herring's pleadings liberally. Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

[3] The alleged "CATHERINE C HERRING TR Catherine C. Herring, Trustee" will hereinafter be referred to as the Trust.

requiring Herring to show cause why the petition should not be dismissed for lack of jurisdiction over the Trust.

Herring responded, insisting in essence that the person to whom the deficiencies were sent is not her, but rather the Trust through which she is just the trustee. The Tax Court disagreed and dismissed the case. The present appeal followed.

II

On appeal, Herring continues to argue that the Trust is the proper petitioner to the IRS. The Commissioner responds that Tax Court Rule 60(a)(1) requires that a Tax Court petition be filed by, and in the name of, the person against whom a deficiency has been determined. Because Herring is the party to whom the deficiency was issued, and not the Trust, the Commissioner argues the Tax Court's order dismissing the petition should be affirmed.[4] The Tax Court's factual findings are reviewed for clear error, and its legal conclusions are reviewed de novo. Anderson v. Comm'r, 62 F.3d 1266, 1270 (10th Cir. 1995).

We agree with the Tax Court's order dismissing Herring's petition for lack of jurisdiction. As stated above, 26 U.S.C. § 6212 authorizes the IRS to send a notice of deficiency to a "taxpayer" when there is a tax deficiency, and § 6213(a) authorizes "the

_____

[4] The Commissioner alternatively argues that because Herring filed her appeal as the alleged Trust, but is not represented by counsel, her appeal must be dismissed because a non-attorney cannot prosecute an appeal on behalf of a trust. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) (stating that for "all artificial entities," the artificial entity "may appear in the federal courts only through licensed counsel"). We need not address the Commissioner's alternative argument, because we affirm the Tax Court's dismissal based on the Tax Court's lack of jurisdiction.

taxpayer" to file a petition with the Tax Court for a redetermination of a deficiency notified by the IRS. In addition, Tax Court Rule 60(a)(1) states:

> A case shall be brought <u>by and in the name of the person against whom the Commissioner determined the deficiency (in the case of a notice of deficiency)</u>. . . . A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party.

(Emphasis added). The Tax Court attempted to correct the caption of the petition to correct the petition as being brought by the person against whom the deficiency was sought, i.e., Herring, rather than the Trust, but Herring objected. Therefore, the Tax Court was correct in concluding that it lacked jurisdiction over the petition.

III

We affirm.

Entered for the Court

Mary Beck Briscoe
Circuit Judge